IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-01989-MSK-NRN

MICHAEL MCGOWAN,

    Plaintiff,

v.

RESTO, ADMAX Pharmacy,

    Defendant.

**ORDER RE: MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendant Resto's Motion to Dismiss (**#33**) and Mr. McGowan's response (**#36**).

## I.     Statement of Jurisdiction

Mr. McGowan asserts a claim against Ms. Resto, in her individual capacity, for denial of adequate medical treatment in violation of his Eighth Amendment rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     Relevant Facts

According to Mr. McGowan's Second Amended Complaint (**#14**)[2], he is an inmate housed at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. Mr.

---

[1] This action originally included claims against other Defendants which were dismissed (**#18**), leaving a single claim brought against Defendant Resto.
[2] Because Mr. McGowan is proceeding as a *pro se* plaintiff, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Consistent with this approach, the Court

1

McGowan suffers from stomach pains that have been diagnosed as "irritated bowel syndrome" (**#14**, at p. 5). In August 2016, a doctor recommended that Mr. McGowan take a medication called Ranitidine. Mr. McGowan mentioned the doctor's recommendation to a medical provider at ADX, but the provider informed Mr. McGowan that he would have to purchase the medication from the canteen using his own funds. Mr. McGowan lacked the funds to purchase the medication and thus, went without. (*Id.*)

In October 2016, another doctor formally prescribed Ranitidine. (*Id.*) The pharmacy, under the direction of Ms. Resto, refused to fill the prescription. When Mr. McGowan did not promptly receive the medicine, he wrote to the doctor to inquire as to why, and he was told that "[p]harmacy declined to fill the [ ] medication even through you could have recurrent symptoms.". (**#4**, at p. 9.) However, a document from an unknown author, attached to Mr. McGowan's original Complaint explains the situation slightly differently:

> Inmate was prescribed ranitidine for 30 days as recommended by GI doctor. . . The inmate was instructed to purchase ranitidine from commissary if not filled by pharmacy due to no established GI diagnosis.
>
> The pharmacy did not fill the ranitidine prescription because his EGD results were completely normal, therefore the ranitidine prescription could not be filled per policy.
>
> He was seen on 10/31/16 for his chronic care appointment. For some reason the doctor says the inmate is positive for *h pylori* when the EGD clearly states his test results are negative for *h pylori*. The doctor prescribed the *h pylori* medications and again the pharmacy could not fill the prescription because the GI documentation doesn't support the prescriptions ordered.
>
> The inmate does not qualify for the Over the Counter Program because his money is encumbered. The inmate will have to sign up

---

has also considered the exhibits attached to Mr. McGowan's original Complaint (**#4**) that are referred to in his Second Amended Complaint.

>           for sick call for his health issues to see if there is any medication that
>           can be prescribed for him.

(*Id.* at p. 12.)

Ms. Resto moves (**#33**) to dismiss Mr. McGowan's claim, arguing that pursuant to 42 U.S.C. § 233(a) she is immune from suit because the claim arises out of her performance of duties as a Public Health Service officer. Her declaration (**#33-1**) states that: 1) she is, and was, a commissioned officer in the Public Health Service (the "PHS"); 2) she worked as an Advanced Practice Pharmacist at the Federal Correctional Complex, Florence, Colorado ("FCC-Florence") since August 7, 2016; 3) as an Advanced Practice Pharmacist, she was responsible for distributing, administering and dispensing various medications to inmates; and that 4) "at times relevant to this cause of action," her conduct with regard to Mr. McGowan was "within the course of [her] scope of employment".[3]

## III. Analysis

### A. Fed. R. Civ. Pro. 12(b)(1) legal standard

Defenses of immunity brought by federal employees are often treated as challenges to the court's jurisdiction. See e.g. *Hardscrabble Ranch LLC v. United States of America*, 840 F3d 1216 (10th Cir. 2016); *Elder v. United States of America*, 312 F3d 1172 (10th Cir 2002). When brought under Federal Rule of Civil Procedure 12(b)(1), they can take one of two forms: facial attacks or factual attacks. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of a complaint. In reviewing a facial attack on the complaint, the allegations in the complaint as accepted as true.

---

[3] Ms. Resto's affidavit further states that she played "no role in denying or providing medication" to Mr. McGowan. The Court makes no factual determination with regard to Ms. Resto's role. For purposes of legal analysis, the Court assumes that Mr. McGowan's allegations that Ms. Resto oversaw the pharmacy and was involved in the decision to not fill his requested prescription.

3

In a factual attack, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject-matter jurisdiction depends; therefore, a court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence to resolve disputed jurisdictional facts. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). The Tenth Circuit expressly has observed that this outside evidence can take the form of an affidavit or similar document. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n. 1 (10th Cir. 2012); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In the present case, it appears that Ms. Resto brings a factual attack supported by her declaration. The Court has considered it and all the submissions by Mr. McGowan.

### B. Applicability of 42 U.S.C. §233(a)

Ms. Resto argues that because she is a commissioned officer in the PHS and the claim against her arises from her conduct in that capacity 42 U.S.C. §233(a) provides absolute immunity from Mr. McGowan's claim against her.

Ordinarily, when a federal employee is sued in an individual capacity for harm caused during the course of his or her employment, the employee is immune from suit, and the claim must be brought against the United States in accordance with the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346, 2671–2680. This is true with regard to claims for personal injury allegedly caused by a PHS officer as well - if the claim arises from the performance of a medical or related function and if the officer was "acting within the scope of his office or employment." 42 U.S.C. §233(a).

Section 233(a) provides in pertinent part that:

> (a) Exclusiveness of remedy
>
> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the

4

> conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Claims for violation of constitutional rights, often referred to as *Bivens* claims, sometimes have the same factual origin as claims for personal injury, particularly where an inmate complains of a failure to provide adequate medical care as a violation of his/her Eighth Amendment rights. In 2010, the United States Supreme Court resolved the question of whether the immunity extended to PHS officers by 42 U.S.C. §233(a) also shielded them from *Bivens* claims. In *Hui v. Castaneda*, 559 U.S. 799, 806 (2010), the court held that 42 U.S.C. §233(a) applied in the context of Bivens claims, as well. In the Tenth Circuit, this doctrine has been subsequently applied in *Martinez v. Aulepp*, 658 Fed. App'x 382, 383 (10th Cir. 2016).

There is no dispute that Ms. Resto was a PHS officer at the time that the pharmacy where she worked refused to fill McGowan's prescription. Assuming, without deciding, that Ms. Resto played some role in that decision, whether 42 U.S.C. §233(a) provides her with immunity turns on whether Ms. Resto was performing medical or related function and whether she acted within the scope of her employment.

There is no real dispute that Ms. Resto was performing a medical or related function. Mr. McGowan's claim is that he did not receive appropriate medical care from Ms. Resto. In addition, the documentation attached to his original Complaint shows that the decision to not fill Mr. McGowan's prescription because his esophagogastroduedenoscopy (EGD) test results were completely normal and thus there was no condition to treat. (**#4**, at p. 12.) The assessment of whether he had a medical condition subject to treatment is, itself, a medical (or medically related) function.

As to whether such decision fell within the scope of Ms. Resto's employment, she states that she was "responsible for the distribution, administration and dispensing of various medications to inmates at FCC Florence" and that at all pertinent time she acted "within the course of [her] scope of employment". (**#33-1**, at ¶ 2). This description of her duties appears to include determinations of whether prescriptions should be filled, and Mr. McGowan concedes as much by alleging that in overseeing the pharmacy, Ms. Resto declined to fill the prescription.

However, Mr. McGowan also argues that Ms. Resto had a "duty" to "order the medication prescribed by the Doctors" and that she failed to do so. (**#36**, at pp. 2-3). The Court understands this to be an argument that Ms. Resto acted outside of her authority by declining to fill his prescription. There is no support in the record for the proposition that Ms. Resto was required to fill every prescription or that she failed to follow some process before declining to do so. Quite to the contrary, the documents attached to Mr. McGowan's original complaint suggest that the decision not to fill the prescription was made in accordance with an existing policy.

The Court therefore finds that the unrebutted evidence of record establishes that Ms. Resto was a Public Health Service officer, and that to the extent that she participated in the decision to not fill Mr. McGowan's prescription, she was performing a medical (or related) function and she acted within the scope of her employment. Accordingly, she is immune from Mr. Gowan's claim pursuant to 42 U.S.C. §233(a).

**IT IS THEREFORE ORDERED** that Ms. Resto's Motion to Dismiss (**#33**) is **GRANTED**. No further claims remaining, the Clerk of the Court shall close the case.

Dated this 23d day of October, 2018.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge